IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WARDRICK         * | |
|        Plaintiff | |
|    v.                      * | CIVIL ACTION NO. AMD-07-798 |
| SUZANNE MENSH- CLERK    * | |
| CIRCUIT COURT FOR BALTIMORE | |
|  COUNTY                 * | |
|        Defendant | |
|                            ***  | |

MEMORANDUM

Robert Wardrick ("Wardrick") was sentenced in this court to concurrent 300 and 120 month terms for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d). *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal.[1]

Wardrick is confined at the United States Penitentiary at Beaumont, Texas. On March 26, 2007, the court received Wardrick's 42 U.S.C. § 1983 complaint in this case naming as defendant the Clerk of the Circuit Court for Baltimore County, Maryland. Wardrick seeks an order compelling defendant to correct an unspecified alleged error in court records and $6 million in damages, or release from confinement. Wardrick's statement of facts is as follows:

> I have been asking [the] Court Clerk to correct this error that I was never convicted of.  The Courts Clerk has refused to do this for whatever reason I don't know.  But if I am granted a hearing on this I have evidence and the Court has evidence of that, that 'Judge Andre M. Davis' 'laugh' at this at a suppress [sic] hearing he said oh this is probable cause.

Paper No. 1 at 4.

---

[1] On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.). The appeal was dismissed by the United States Court of Appeals for the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).

Wardrick seemingly attempts to link an alleged erroneous state court conviction[2] with this court's October 12, 2001, decision to deny his motion to suppress evidence in his criminal case. *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.) at Paper No. 33.  Because he appears indigent, Wardrick's motion to proceed in *forma pauperis* shall be granted.

Insofar as Wardrick is seeking to compel defendant to correct the state court record, his action shall be construed as a petition for mandamus relief and dismissed. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  This court does not, however, have jurisdiction over Maryland employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Wardrick's § 1983 complaint for damages fares no better. Generally, court clerks enjoy derivative (absolute) immunity when they are acting in obedience to judicial orders or under the court's direction, *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972), although immunity does not apply in the performance of a clerk's ministerial duties. *Id*. at 3-4. A clerk's clerical duties are generally classified as ministerial. *Id*.  Wardrick seemingly claims that he was not convicted of a crime in Baltimore County and defendant has refused to correct this error.  As presented, the allegation clearly involves more than a mere clerical error.  Any action taken to expunge or correct a record of conviction would require a judicial order.  Therefore, based on the allegations here, the

---

[2]Wardrick's vague statement of facts does not: (1) specify the conviction in question; (2) indicate whether the conviction is noted on the Baltimore County Circuit Court docket or a government agency database; (3) discuss what action he has taken in the state courts to remove or expunge the alleged erroneous record; and (4) what if, any, rulings were issued by the state courts with regard to his requests.

defendant is entitled to absolute judicial immunity. In any event, Wardrick's complaint fails to state a claim.[3]

For the reasons stated above, this action shall be dismissed without prejudice  An order follows.


Date: April 2, 2007              /s/
                                 Andre M. Davis
                                 United States District Judge

---

[3] To the extent Wardrick is seeking release from federal custody based on his conviction in this court, his action may be construed as a hybrid § 1983 damage complaint or 28 U.S.C. § 2241 petition and shall be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).